**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SOVEREIGN PEAK VENTURES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00037-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**ASUSTeK COMPUTER, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR [ALLEGED] PATENT INFRINGEMENT**

Defendant ASUSTeK Computer, Inc. ("ASUSTeK"), by and through its attorneys, hereby respond to the allegations of Sovereign Peak Ventures LLC ("SPV") in its Complaint ("Complaint"), and denies all subject matter not expressly admitted, as follows:

**THE PARTIES[1]**

1. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

2. ASUSTeK admits that it is a corporation organized under the laws of Taiwan with a principal place of business at 1F, No. 15, Li-De Road, Beitou District, Taipei 112, Taiwan, R.O.C. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it is engaged in making, using, selling, offering for sale, and/or importing infringing products and that it has operated as an agent of a business group to provide a distribution channel

[1] Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, ASUSTeK denies those allegations.

of infringing products within this District and the U.S. nationally.

3. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

4. ASUSTeK admits that SPV approached it prior to the filing of the Complaint with licensing demands. ASUSTeK denies that SPV's licensing demands were fair, reasonable, or non-discriminatory, and further denies that it infringes—willfully or otherwise—any valid and enforceable patents to which SPV claims to have rights. ASUSTeK denies the remaining allegations of this paragraph.

5. ASUSTeK admits that it places orders to ODM suppliers that subsequently manufacture certain ASUS-branded products, which ASUSTeK then sells outside of the United States to Asus Global Pte. Ltd. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it has infringed any of the asserted patents.

6. ASUSTeK admits that ASUS Computer International ("ACI") is a corporation organized under the laws of the State of California, with a principal place of business at 48720 Kato Road, Fremont, California 94538, that ACI is a wholly-owned subsidiary of ASUSTeK, and that ACI is responsible for importing, distributing, processing and fulfilling orders that are placed by customers in the U.S., and providing sales support in the United States market for ASUS-branded products. ASUSTeK denies the remaining allegations of this paragraph.

7. Denied.

8. Denied.

## JURISDICTION AND VENUE

9. ASUSTeK admits that this action purports to arise under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281 and 284-285, among others.

10. ASUSTeK admits that the court has subject matter jurisdiction pursuant to 28

U.S.C. §§ 1331 and 1338(a).

11. ASUSTeK does not intend to challenge venue in this case for the limited purpose of this case only, but expressly denies that venue is convenient in this district.

12. ASUSTeK does not presently intend to challenge this Court's exercise of personal jurisdiction over it for the limited purpose of this case only. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it has infringed any of the asserted patents.

13. ASUSTeK admits that (1) ACI is a wholly-owned subsidiaries of ASUSTeK, (2) the primary business of ACI is the sale of electronic products in the United States, and (3) ASUSTeK has a 100% ownership interest in ACI and maintains more than half of the voting rights for such subsidiaries as its basis for control. ASUSTeK denies the remaining allegations of this paragraph.

14. This paragraph states a legal conclusion to which no response is required. To the extent a response is required: denied.

15. ASUSTeK does not presently intend to challenge this Court's exercise of personal jurisdiction over it for the limited purpose of this case only. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it has infringed any of the asserted patents.

16. Denied.

17. ASUSTeK does not presently intend to challenge this Court's exercise of personal jurisdiction over it for the limited purpose of this case only. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it has infringed any of the asserted patents.

18. ASUSTeK does not presently intend to challenge this Court's exercise of personal jurisdiction over it for the limited purpose of this case only. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it has infringed any of the asserted patents.

19. This paragraph states a legal conclusion to which no response is required. To the extent a response is required: denied.

20. ASUSTeK admits that ASUS-branded products have been sold and are available for sale in this District at Best Buy and Walmart retail stores and are also available for sale and offered for sale in this District through online retailers such as Best Buy, Walmart, and Amazon. ASUSTeK denies the remaining allegations of this paragraph.

21. This paragraph—which spans five pages—states a legal conclusion to which no response is required. To the extent a response is required: ASUSTeK admits that it researches, designs, develops, and manufactures mobile phones, laptops, and computers. and denies the remaining allegations of this paragraph.

22. This paragraph states a legal conclusion to which no response is required. To the extent a response is required: denied.

23. ASUSTeK admits that ASUS-branded phones, laptops, and computers are sold to end users by ACI, online and at retail stores located throughout the Eastern District of Texas. ASUSTeK denies the remaining allegations of this paragraph.

24. Denied.

25. ASUSTeK does not presently intend to challenge this Court's exercise of personal jurisdiction over it for the limited purpose of this case only. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it has infringed any of the asserted

patents.

26. ASUSTeK does not intend to challenge venue in this case for the limited purpose of this case only, but expressly denies that venue is convenient in this district.

## COUNT I

### ([Alleged] Infringement of U.S. Patent No. 6,925,097)

27. ASUSTeK incorporates its responses to the previous paragraphs of the Complaint as if fully set forth herein.

28. ASUSTeK admits that the title of the ’097 Patent is “Decoder, decoding method, multiplexer, and multiplexing method.” ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

29. ASUSTeK admits that the ’097 Patent on its face reflects a priority claim to U.S. Patent Application No. 09/820,311. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

30. Denied.

31. ASUSTeK admits that it designs and develops mobile phones, laptops, computers, and other devices, some of which are compatible with H.265 video. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it infringes the ’097 Patent.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. This paragraph states a legal conclusion to which no response is required. To the extent a response is required: denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**COUNT II**

**([Alleged] Infringement of U.S. Patent No. 7,685,498)**

43. ASUSTeK incorporates its responses to the previous paragraphs of the Complaint as if fully set forth herein.

44. ASUSTeK admits that the title of the '498 Patent is "Digital broadcasting system and digital broadcast transmission and reception method." ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

45. ASUSTeK admits that the '498 Patent on its face reflects a priority claim to U.S. Patent Application No. 10/586,438. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

46. Denied.

47. ASUSTeK admits that it designs and develops mobile phones, laptops, computers, and other devices, some of which are compatible with H.265 video. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it infringes the '498

Patent.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. This paragraph states a legal conclusion to which no response is required. To the extent a response is required: denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

**COUNT III**

**([Alleged] Infringement of U.S. Patent No. 8,019,169)**

58. ASUSTeK incorporates its responses to the previous paragraphs of the Complaint as if fully set forth herein.

59. ASUSTeK admits that the title of the ’169 Patent is “Image coding apparatus, image decoding apparatus, image processing apparatus and methods thereof.” ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

60. ASUSTeK admits that the ’169 Patent on its face reflects a priority claim to U.S. Patent Application No. 12/014,895. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

61. Denied.

62. ASUSTeK admits that it designs and develops mobile phones, laptops, computers, and other devices, some of which are compatible with H.265 video. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it infringes the ’169 Patent.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. This paragraph states a legal conclusion to which no response is required. To the extent a response is required: denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## COUNT IV

### ([Alleged] Infringement of U.S. Patent No. 8,737,476)

74. ASUSTeK incorporates its responses to the previous paragraphs of the Complaint as if fully set forth herein.

75. ASUSTeK admits that the title of the ’476 Patent is “Image decoding device, image decoding method, integrated circuit, and program for performing parallel decoding of coded image data.” ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in this paragraph and therefore denies them.

76. ASUSTeK admits that the ’476 Patent” on its face reflects a priority claim to U.S. Patent Application No. 12/812,134. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

77. Denied.

78. ASUSTeK admits that it designs and develops mobile phones, laptops, computers, and other devices, some of which are compatible with H.265 video. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it infringes the ’476 Patent.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. This paragraph states a legal conclusion to which no response is required. To the extent a response is required: denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## COUNT V

**([Alleged] Infringement of U.S. Patent No. 8,971,401)**

91. ASUSTeK incorporates its responses to the previous paragraphs of the Complaint as if fully set forth herein.

92. ASUSTeK admits that the title of the ’401 Patent is “Image decoding device.” ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

93. ASUSTeK admits that the ’401 Patent on its face reflects a priority claim to U.S. Patent Application No. 13/246,503. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

94. Denied.

95. ASUSTeK admits that it designs and develops mobile phones, laptops, computers, and other devices, some of which are compatible with H.265 video. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it infringes the ’401 Patent.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. This paragraph states a legal conclusion to which no response is required. To the extent a response is required: denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

## COUNT VI

**([Alleged] Infringement of U.S. Patent No. 9,042,457)**

107. ASUSTeK incorporates its responses to the previous paragraphs of the Complaint as if fully set forth herein.

108. ASUSTeK admits that the title of the '457 Patent is "Image Decoding Apparatus and Image Coding Apparatus with Parallel Decoding." ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

109. ASUSTeK admits that the '457 Patent on its face reflects a priority claim to U.S. Patent Application No. 12/673,408. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

110. Denied.

111. ASUSTeK admits that it designs and develops mobile phones, laptops, computers, and other devices, some of which are compatible with H.265 video. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it infringes the '457 Patent.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. This paragraph states a legal conclusion to which no response is required. To the extent a response is required: denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

**COUNT VII**

**([Alleged] Infringement of U.S. Patent No. 9,414,059)**

123. ASUSTeK incorporates its responses to the previous paragraphs of the Complaint as if fully set forth herein.

124. ASUSTeK admits that the title of the ’059 Patent is “Image Processing Device, Image Coding Method, and Image Processing Method.” ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

125. ASUSTeK admits that the ’059 Patent on its face reflects a priority claim to U.S. Patent Application No. 13/877,389. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

126. Denied.

127. ASUSTeK admits that it designs and develops mobile phones, laptops, computers, and other devices, some of which are compatible with H.265 video. ASUSTeK denies the

remaining allegations of this paragraph, and further specifically denies that it infringes the ’059 Patent.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. This paragraph states a legal conclusion to which no response is required. To the extent a response is required: denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

**COUNT VIII**

**([Alleged] Infringement of U.S. Patent No. 9,667,972)**

137. ASUSTeK incorporates its responses to the previous paragraphs of the Complaint as if fully set forth herein.

138. ASUSTeK admits that the title of the ’972 Patent is “Image Coding Device, Image Coding Method, and Image Coding Integrated Circuit.” ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

139. ASUSTeK admits that the ’972 Patent on its face reflects a priority claim to U.S. Patent Application No. 14/555,825. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

140. Denied.

141. ASUSTeK admits that it designs and develops mobile phones, laptops, computers, and other devices, some of which are compatible with H.265 video. ASUSTeK denies the remaining allegations of this paragraph, and further specifically denies that it infringes the ’972 Patent.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. This paragraph states a legal conclusion to which no response is required. To the extent a response is required: denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

## CONCLUSION

154. ASUSTeK denies that SPV is entitled to recover from ASUSTeK, and further specifically denies that it has infringed any of the asserted patents.

155. ASUSTeK denies that SPV is entitled to any relief, including the relief sought.

## JURY DEMAND

156. SPV’s Complaint contains a demand for a jury trial to which no response is

required.

**PRAYER FOR RELIEF**

157. ASUSTeK denies that SPV is entitled to any relief, including the relief sought.

**AFFIRMATIVE AND OTHER DEFENSES**

ASUSTeK asserts the following defenses in response to SPV's allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are identified herein. In addition, to the defenses described below, ASUSTeK reserves all rights to allege additional defenses, as appropriate, that become known through the course of discovery or further investigation.

**FIRST DEFENSE (NON-INFRINGEMENT)**

158. ASUSTeK does not infringe and has not infringed under any theory (including directly, jointly, contributorily, or by inducement) any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

**SECOND DEFENSE (INVALIDITY)**

159. Each asserted claim of the Patents-in-Suit is invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD DEFENSE (STATUTORY DAMAGES LIMITATIONS)**

160. Any recovery for alleged infringement of the Patents-in-Suit is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 287 and 288.

**FOURTH DEFENSE (PROSECUTION HISTORY ESTOPPEL)**

161. SPV's claims are barred in whole or in part by prosecution history estoppel.

**FIFTH DEFENSE (NO EQUITABLE RELIEF)**

162. SPV is not entitled to equitable relief as it has an adequate remedy at law and cannot

show that it has or will suffer any immediate or irreparable harm from ASUSTeK's alleged actions.

**SIXTH DEFENSE (ACTS OF OTHERS)**

163. The claims made in the Complaint are barred, in whole or in part, because ASUSTeK is not liable for the acts of others over whom it has no control.

**SEVENTH AFFIRMATIVE DEFENSE (FAILURE TO STATE A CLAIM)**

164. SPV's claims fail to state facts sufficient to state claims against ASUSTeK for which relief can be granted.

**EIGHTH DEFENSE (PATENT OWNER ESTOPPEL AND ISSUE PRECLUSION)**

165. SPV's claims are barred in whole or in part by patent owner estoppel and issue preclusion.

**NINTH DEFENSE (DOE INFRINGEMENT IS BARRED)**

166. SPV's claims, including to the extent SPV alleges infringement under the Doctrine of Equivalents, are barred under one or more of the following doctrines: ensnarement, vitiation, and/or public dedication.

**TENTH DEFENSE (SALES TO THE U.S. GOVERNMENT)**

167. To the extent certain equipment accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government and/or public good, SPV's claims may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**ELEVENTH DEFENSE (NO WILLFUL INFRINGEMENT)**

168. SPV is not entitled to enhanced damages under 35 U.S.C. § 284 because SPV has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

**TWELFTH DEFENSE (EQUITABLE DEFENSES)**

169. SPV's claims for relief are barred, either in whole or in part, by the equitable doctrines of prosecution laches, waiver, unclean hands, acquiescence and or estoppel.

**THIRTEENTH DEFENSE (NO INDIRECT INFRINGEMENT)**

170. SPV has failed to meet, and cannot meet as a matter of law, the pleading requirements for demonstrating indirect infringement.

**FOURTEENTH DEFENSE (NO STANDING)**

171. SPV does not possess all substantial rights to the Patents-in-Suit and, on that basis, lacks standing to assert the Patents-in-Suit.

**RESERVATION OF RIGHTS**

ASUSTeK reserves the right to amend or supplement its Answer. ASUSTeK has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. ASUSTeK continues to investigate this matter and reserves the right to amend or seek to amend its Answer to assert any additional defenses that come to light upon further investigation and discovery.

**PRAYER FOR RELIEF**

ASUSTeK respectfully requests that this Court enter judgment in its favor and against SPV, and issue an order:

A. Dismissing SPV's Complaint with prejudice;

B. Denying SPV all of the relief requested in its Complaint;

C. Finding that ASUSTeK does not and has not infringed, either directly or indirectly, any valid claim of the Patents-in-Suit;

D. Finding all asserted claims of the Patents-in-Suit invalid;

E. Finding this case exceptional in favor of ASUSTeK pursuant to 35 U.S.C. § 285;

F. Awarding costs and attorney fees to ASUSTeK;

G. Awarding ASUSTeK such other and further relief as the Court determines just and proper.

Dated: June 6, 2022

Respectfully submitted,

*/s/ Brady R. Cox*

Michael J. Newton (TX Bar No. 24003844)
Brady R. Cox (TX Bar No. 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
Email: mike.newton@alston.com
Email: brady.cox@alston.com

Ross R. Barton (NC Bar No. 37179)
**ALSTON & BIRD LLP**
101 South Tyron Street, Suite 4000
Charlotte, North Carolina 28280
Phone: (704) 444-1000
Fax: (704) 444-1111
Email: ross.barton@alston.com

*Attorneys for ASUSTeK Computer, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

Dated: June 6, 2022

*/s/ Brady R. Cox*